ON MOTION FOR REHEARING/CLARIFICATION

STEVENSON, J.
We grant appellant’s motion for rehearing/clarification in part, withdraw our prior opinion, and issue the following in its place.
The parties to the instant appeal, Michael and Janice Gates, were divorced in 1999. Shortly after rendition of the final judgment, both parties filed a variety of motions seeking enforcement of the terms of the marital settlement agreement regarding distribution of the marital assets and the husband’s financial obligations with respect to the couple’s minor children. In a single order, the trial court resolved the pending motions, ruling that (1) the husband had failed to timely pay the sums due the wife under the settlement agreement and, thus, the wife was entitled to $27,428.50 in attorney’s fees and costs incurred in her efforts to secure payment; (2) the husband was required to reimburse the wife the amount of $1,258.64 for the children’s medical expenses and prescriptions not covered by insurance; (3) the husband had failed to pay the 2000 and 2001 premiums on the children’s health insurance as required by the settlement agreement and was required to reimburse the wife for the same; and (4) the husband was to reimburse the wife $816 that she spent to purchase plane tickets for the children after the husband cancelled his visit without providing the required noticed.
The husband has appealed, challenging nearly every aspect of the lower court’s ruling. We reverse as to the amount of the attorney’s fee award to the wife and the reimbursement for the children’s health insurance premiums; on all other issues, we affirm.

The Amount of the Attorney’s Fee Award to the Wife

The trial court awarded the wife $27,428.50 in fees and costs. Included in this amount is $6,720 in fees and costs billed by attorney Russo. The husband contends that this portion of the fee award must be reversed because it includes amounts that relate to an earlier contempt proceeding for which the wife was already awarded fees. We agree.
In December 1999, attorney Russo filed a motion for contempt on behalf of the wife, citing the husband’s failure to pay child support and the children’s health insurance premiums. Thereafter, the wife filed a second motion seeking an income deduction order. The wife sought the award of fees connected with both motions. By order dated March 9, 2000, the trial court denied the wife’s motion for contempt, finding that the failure to pay was not willful. The court nonetheless awarded the wife a portion of her attorney’s fees, declining to award fees for some discovery that the court found to be unnecessary.
During the proceeding below, attorney Russo submitted her bill for $6,720. A cursory review of the bill indicates that the $6,720 total includes charges for fees incurred in connection with the earlier contempt proceedings. Since the wife has already been awarded fees for the matters raised in the December 1999 motions for contempt, it was error for the trial court to include these hours in a second fee award. Consequently, we reverse that portion of the fee award pertaining to the charges billed by attorney Russo and remand with *1149 instructions that the court eliminate charges that were the subject of the earlier contempt proceeding and March 2000 fee award.

The Children’s Health Insurance Premiums

The marital settlement agreement requires that the husband “pay for health insurance coverage for the minor children.” The trial court found that the husband had failed to comply with this provision, ordering the husband to pay $1,706.28 in unpaid premiums for the year 2000 and $2,599.21 in unpaid premiums for the year 2001. These totals represent the combined premiums on a number of insurance policies. The husband argues that the trial court erred in requiring him to reimburse the wife for these premiums because (1) the court had previously determined that the husband was responsible for the premiums on only a single policy— not the multiple policies for which the wife sought reimbursement and (2) the evidence as to the amount of the premiums was insufficient. Both arguments have merit.
First, in the earlier March 2000 order, the court clearly ruled that the terms of the settlement agreement required the husband to pay the premiums on only a single health insurance policy. This ruling was never appealed. Second, to prove the amount of the premiums, the wife sought to introduce into evidence exhibit 6, which included a summary and copies of the bills from the various insurance companies. The trial judge, however, ruled that exhibit 6 was inadmissible and the wife offered no additional evidence on the issue. Thus, we are compelled to reverse that portion of the order requiring the husband to pay the wife $4,805.49 in health insurance premiums.[1]
AFFIRMED in part, REVERSED in part and REMANDED.
WARNER and HAZOURI, JJ„ concur.

. As a consequence of our reversal, the former wife is no longer the prevailing party on this issue. Thus, on remand, attorney's fees awarded to the wife for litigation of this issue must be deducted.